**Samuel Roland WOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–309–CR.**

Court of Appeals of Texas,
Corpus Christi.

April 22, 1993.

John H. Hagler, Dallas, for appellant.

John C. Vance, Crim. Dist. Atty., Linda H. Green, Asst. Dist. Atty., Dallas, Robert Huttash, State Prosecuting Atty., Austin, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Samuel Roland Wood, guilty of the offense of murder. After finding the enhancement allegations true, the trial court assessed punishment at forty-five years in prison. By a single point of error, appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

The State's evidence showed that on the evening of May 2, 1991, appellant called Terry French about parking his car in French's driveway. French testified that appellant was upset because Robert Richardson had called appellant a vulgar name. Appellant informed French that Richardson would not be around tomorrow. Thirty minutes later, appellant and an acquaintance, Susan Parkhill, arrived at French's house which was across the street from Richardson's house. Appellant had a revolver in the back of his pants. French testified that appellant went to Richardson's house and entered it through the back door. About five minutes later, French heard a gunshot. Two or three minutes later, appellant returned to French's house. French asked appellant if he had shot Richardson, and appellant replied that he had shot him right between the eyes. French and appellant went to Richardson's house. French saw Richardson sitting on a couch with a bullet hole in his head. French stated that the gun which appellant had in his pants was in Richardson's hand. French also testified that appellant reached down and tightened the gun in Richardson's fingers. French established that Richardson's house was in Dallas County, Texas.

French's wife testified that after she heard the gunshot, appellant returned to their house. She stated that her husband asked appellant if he had shot Richardson, and he replied, " 'Right between the eyes.' " Appellant asked her to call 911 to report the shooting.

Forensic evidence showed that Richardson died from a .22 caliber gunshot wound to his forehead and that the wound was consistent with homicide. The weapon was fired from a distance of six to twelve inches. No fingerprints were recovered from the weapon which was found in Richardson's hand. Hand-wiping analyses of appellant's and Richardson's hands were performed to check for gunshot residue. These tests could not confirm whether appellant or Richardson fired a gun. (The evidence showed that about 50 percent of handguns do not leave residue.)

Appellant gave three written statements to the police. In his first two statements, he claimed that he went to Richardson's house to check on him. Upon arrival, he heard a shot and went inside. He found Richardson on the couch, holding a pistol in his right hand. He had been shot between the eyes. In his third statement, appellant alleged that his acquaintance, Susan Parkhill, gave him a gun and asked him to kill Richardson. Appellant entered Richardson's house, shot him, and placed the gun in Richardson's right hand.

The defense called Susan Parkhill as a witness. She testified that three to five minutes after appellant went to Richardson's house, she heard a gunshot. About a minute later, appellant came out of the house and hollered across the street to call 911. Parkhill stated that after the incident, appellant had informed her that he shot Richardson between the eyes.

Appellant testified that he did not shoot Richardson. He alleged that he went over to Richardson's house to check on him. Upon arrival, he heard what sounded like a gunshot. He went inside and saw Richardson sitting on the couch. His head was leaning forward and a pistol was in his lap. He had a bullet hole in his forehead. Appellant went to the Frenches' house and

asked someone to call the police. He stated that at that time he did not inform anybody that he had shot Richardson. He also denied informing Parkhill that he had killed Richardson. He explained that he had made the statement in which he admitted to shooting Richardson because he wanted to get Officer De La Cruz off of his back, and he did not want to undergo any more police questioning.

▓▓▓ By a single point of error, appellant attacks the sufficiency of the evidence to support his conviction under the Fourteenth Amendment and the common-law-corpus-delicti rule. The due-process clause of the Fourteenth Amendment requires that every state criminal conviction be supported by evidence that a rational fact finder could accept as sufficient to prove all the elements of the offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). Under the Fourteenth Amendment, our task is to consider all the record evidence, direct and circumstantial, in the light most favorable to the jury's verdict, and to determine whether, based on that evidence, any rational jury could have found all the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989). "If, based on all the evidence, a reasonably minded jury must necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal." *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex. Crim.App.1992).

▓▓▓ In addition to the due-process guarantee, the common-law-corpus-delicti rule holds that no criminal conviction can be based upon a defendant's extrajudicial confession unless the confession is corroborated by independent evidence tending to establish the corpus delicti. *Fisher v. State*, 851 S.W.2d 298, 302–03 (Tex.Crim. App.1993). The corpus delicti of murder is established if the evidence shows 1) the death of a human being 2) caused by the criminal act of another. *Fisher*, at 303.

Under the corpus-delicti rule, our task as an appellate court is to consider all the record evidence, other than appellant's extrajudicial confessions, in the light most favorable to the jury's verdict and to determine whether that evidence tended to establish that Richardson was actually murdered by someone. *See Fisher*, at 303.

▓▓▓ In this case, the application paragraph allowed the jury to convict appellant if it found, beyond a reasonable doubt, that about May 2, 1991, in Dallas County, Texas, he knowingly or intentionally caused Robert Richardson's death by shooting him with a firearm, a deadly weapon.

Concerning the Fourteenth Amendment's due-process guarantee, the evidence showed that Richardson died from a gunshot wound to the forehead. The jury heard testimony that appellant gave a voluntary statement to the commission of the crime. (This statement was admitted into evidence.) The jury also heard three persons testify that they had heard appellant say that he had shot Richardson between the eyes. This evidence was sufficient to warrant a rational finding of appellant's guilt of all the elements of the offense beyond a reasonable doubt.

Concerning the corpus-delicti rule, the State's evidence showed that appellant came out of Richardson's house minutes after a gunshot was heard. French testified that the gun which appellant had in his pants was the same gun that was in Richardson's hand. Forensic evidence showed that Richardson's manner of death was consistent with homicide. Reasonable persons could conclude that this evidence tended to prove that Richardson was killed by criminal means.

Having determined that the evidence adduced at appellant's trial was sufficient to support his conviction for murder, we AFFIRM the trial court's judgment.